UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GARY ORTA,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL LUDLOW, et al.,<br><br>        Defendants. | No. 2:16-cv-0905 CKD P<br><br>ORDER &<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

I. <u>Introduction</u>

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")).  A prisoner must exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).

Plaintiff alleges that defendant Dr. Ludlow, who performed eye surgery on him in August 2015, committed medical malpractice, causing permanent damage to his eye.  Plaintiff also names as defendants the hospital where the surgery took place and the California Department of Corrections.  (ECF No. 1.)

On the portion of the civil action form concerning exhaustion of remedies, plaintiff indicates that there is a grievance procedure available at his institution, and he has filed a grievance.  (Id. at 2.)  He also indicates that the grievance process is not completed.  (Id.)

Because plaintiff brought suit against the defendants on April 29, 2016, he is required to have completed the inmate appeals process as to his claims by that date.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.")  Unexhausted claims are subject to dismissal.

Thus the undersigned will recommend that this action be dismissed without prejudice to

1  refiling after plaintiff exhausts administrative remedies for his claim.

2       In accordance with the above, IT IS HEREBY ORDERED that:

3       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

4       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

5  shall be collected and paid in accordance with this court's order to the Director of the California

6  Department of Corrections and Rehabilitation filed concurrently herewith.

7       3. The Clerk of Court shall assign a district judge to this action.

8       IT IS HEREBY RECOMMENDED THAT this action be dismissed without prejudice for

9  failure to exhaust administrative remedies.

10      These findings and recommendations are submitted to the United States District Judge

11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

12 after being served with these findings and recommendations, plaintiff may file written objections

13 with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

14 and Recommendations." Plaintiff is advised that failure to file objections within the specified

15 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

16 (9th Cir. 1991).

17 Dated: May 9, 2016

18 _____
CAROLYN K. DELANEY
19 UNITED STATES MAGISTRATE JUDGE

23 2 / orta0905.14.new

3