UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GARY ORTA, | No. 2:16-cv-0905 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| PAUL LUDLOW, et al., | |
| Defendants. | |

On May 9, 2016, the undersigned recommended that this action be dismissed without prejudice for failure to exhaust administrative remedies. (ECF No. 5.) Plaintiff has not filed objections to the findings and recommendations. Upon further review, however, the court will grant plaintiff the opportunity to file an amended complaint that conforms to the requirements below.

I. Exhaustion of Remedies

Plaintiff's failure to timely exhaust his claims is clear on the face of the complaint. See ECF No. 5 at 2; Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). However, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042,

1

1045 (9th Cir. 2012) (exhaustion excused where futile due to official prison policy); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

Plaintiff will have one opportunity to file an amended complaint. If he believes the exhaustion requirement should be excused in his case, he may explain why administrative remedies for his medical claims were "effectively unavailable."

II. Medical Indifference

Separate from the issue of exhaustion, plaintiff's allegations of medical indifference are too vague and conclusory to state a claim under 42 U.S.C. § 1983. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In an amended complaint, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d

1   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

2   Second, the plaintiff must show the defendant's response to the need was deliberately
3   indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
4   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
5   indifference. Id. Under this standard, the prison official must not only "be aware of facts from
6   which the inference could be drawn that a substantial risk of serious harm exists," but that person
7   "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
8   approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
9   showing of merely negligent medical care is not enough to establish a constitutional violation.
10  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

11  A difference of opinion about the proper course of treatment is not deliberate indifference,
12  nor does a dispute between a prisoner and prison officials over the necessity for or extent of
13  medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d
14  1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

15  The complaint does not state a cognizable Eighth Amendment claim under this standard.
16  However, plaintiff will have an opportunity to amend.

17  III.  Leave to Amend

18  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
19  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
20  Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in
21  specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.
22  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
23  claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory
24  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
25  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
27  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
28  complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The May 9, 2016 findings and recommendations are partially vacated, in that plaintiff will be granted leave to amend the complaint; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 14, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / orta0905.ord